NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BSIG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LOG STORM SECURITY, INC. d/b/a BLACKSTRATUS, DALE W. CLINE, and JEFFREY T. RONEY, <br><br> Defendants. | Case No: 18-15660 (SDW) (LDW) <br><br><br> **OPINION** <br><br><br><br> June 11, 2019 |

**WIGENTON,** District Judge.

Before this Court is Defendant Jeffrey T. Roney's ("Roney") Motion to Dismiss Plaintiff BSIG, LLC's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant Roney's Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND AND PROCEDURAL HISTORY

This action arises from a group of investors' (the "Investor Group")[1] agreements to provide $1,250,000 in financing to Defendant Log Storm Security, Inc. d/b/a BlackStratus ("BlackStratus"). (Compl. ¶¶ 1, 18.) BlackStratus, a Delaware corporation with its principal place

---

[1] The Investor Group is comprised of Anthony J. Brent, Peter Gerlach, Highview Ventures LLC, Jason and Kathleen Cavalier Family Trust, Melissa Cavalier, Jeffrey Maroz, Brian Weitman, Petgub LLC, and Andrew Schwartzberg. (Compl ¶ 1, ECF No. 1.)

of business in Piscataway, New Jersey, is a "provider of cloud-based security and compliance technology[.]" (*Id.* ¶¶ 5, 11.) Defendant Dale Cline ("Cline") is the corporation's President and Chief Executive Officer. (*Id.* ¶ 6.) Defendant Roney, "through his investment firm, Maxwell Thatcher Capital, LLC, was an equity investor in and a creditor of BlackStratus, and one of its principal advisors." (*Id.* ¶ 7.) As of May 23, 2018, the Investor Group assigned all the rights, claims and remedies associated with their investment in BlackStratus to Plaintiff. (*Id.* ¶¶ 1, 4, 41.)

Plaintiff alleges that in December 2016, BlackStratus, Cline, and Roney (collectively, "Defendants") approached the Investor Group "about providing financing to BlackStratus via the purchase of secured convertible promissory notes[.]" (*Id.* ¶ 15.) "From the outset of . . . negotiations, the [Investor Group] required that the security interests granted pursuant to each promissory note be *pari passu* with each other and senior to any and all other indebtedness of the company." (*Id.*) It is further alleged that BlackStratus represented that it "had full and complete title to all Collateral free and clear of any liens, security or other encumbrances, other than the interest granted to Hubbard[2], which it represented and warranted was junior and subordinated to the security interest granted to [the Investor Group]." (*Id.* ¶ 25.)

Between December 2016 and January 2017, the Investor Group and BlackStratus entered into: (i) Note Purchase Agreements ("NPA"), (ii) Security Agreements, and (iii) Secured Convertible Promissory Notes (the "Notes") (collectively, the "Loan Documents"). (*Id.* ¶¶ 17-18,

---

[2] Though the Complaint does not explain who or what "Hubbard" is, this Court notes that according to the Security Agreement attached to the instant motion, it appears that "Hubbard" refers to "Hubbard Capital, LLC." (ECF No. 15-3 at 34.) Generally, district courts may not consider material extraneous to the pleadings when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider a "document *integral to or explicitly relied* upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *Id.* (citations omitted). Allowable documents include "undisputedly authentic documents if [a plaintiff's] claims are based upon these documents[.]" *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013). Because the Complaint references and relies upon the agreements annexed to Roney's moving papers, this Court will consider those documents in deciding the Motion to Dismiss.

22, 25.)  The Loan Documents were executed between the Investor Group and Cline as CEO of BlackStratus.  (*Id*. ¶¶ 20, 24, 26.)  Shortly after the Notes matured in October 2017, a member of the Investor Group "notified BlackStratus that it was in default of its obligation to make interest payments . . . , had failed to repay the principal due on the maturity date . . . , and that such defaults were also events of default under the Security Agreements."  (*Id.* ¶ 35.)  Subsequently, the Investor Group discovered that one year before the Loan Documents were executed, Cline had given the State of Connecticut "a first priority security interest in all of BlackStratus's tangible and intangible personal property as security for a $5,500,000 promissory note."  (*Id.* ¶ 20; *see also id.* ¶ 36.)  Additionally, "the first priority security interest granted to Hubbard was never subordinated to [the Investor Group's] security interests as promised in the Security Agreements."  (*Id.* ¶ 37.)

On November 5, 2018, Plaintiff filed a six-count Complaint alleging: (i) breach of the Security Agreement (Count One); (ii) breach of the Note Purchase Agreement (Count Two); (iii) that it is entitled to the appointment of a receiver (Count Three); (iv) violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5 (Count Four); (v) common law fraud (Count Five); and (vi) negligent misrepresentation (Count Six).  (*Id*.)  On January 15, 2019, Defendant Roney filed the instant Motion to Dismiss.[3]  (ECF No. 15.)  Plaintiff opposed the motion on February 15, 2019, and Roney replied on March 1, 2019.  (ECF Nos. 19, 21.)

---

[3] Counts One, Two, and Three relate to duties and obligations arising from the Loan Documents, to which Roney was not a party or signatory.  (*See id*. ¶¶ 20, 24, 26.)  Roney's motion only argues for dismissal of Counts Four, Five, and Six, and Plaintiff's opposition brief does not suggest that the first three counts apply to Roney.  (*See generally* ECF Nos. 15, 19, 21.)  Therefore, this Court assumes that Counts Four, Five, and Six are the only claims against Roney and addresses them accordingly.

## II. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

Pursuant to Rule 9(b), plaintiffs alleging fraud must "meet a heightened pleading standard by 'stat[ing] with particularity the circumstances constituting fraud[.]'" *N.Y. City Emps.' Ret. Sys. v. Valeant Pharm. Int'l, Inc.*, No. 18-0032, 2018 WL 4620676, at *2 (D.N.J. Sept. 26, 2018) (quoting Fed. R. Civ. P. 9(b)).[4] Plaintiffs can satisfy this heightened standard by alleging dates, times, places and other facts with precision. *Park v. M & T Bank Corp.*, No. 09-02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010).

Securities fraud claims are subject to two additional and distinct pleading requirements pursuant to the Private Securities Litigation Reform Act ("PSLRA"). *Williams v. Globus Med., Inc.*, 869 F.3d 235, 240 (3d Cir. 2017) ("All securities fraud claims are subject to Rule 9(b)[.]"); *Christian v. BT Grp. PLC*, No. 17-497, 2018 WL 3647218, at *4 (D.N.J. Aug. 1, 2018) ("Rule

---

[4] "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

4

9(b) . . . is both subsumed and supplemented by the requirements of . . . the PSLRA."). First, the PSLRA requires Plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1)(B); *see also OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 490 (3d Cir. 2016). Second, the PSLRA also requires that the applicable mental state, in this case scienter, be pled with particularity. *Id.*

### III. DISCUSSION[5]

#### A. Securities Exchange Act Claim (Count Four)

Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for any person "[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe[.]" 15 U.S.C. § 78j(b). Promulgated thereunder, Rule 10b-5 makes it unlawful:

> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

---

[5] Although the Loan Documents indicate that they will be governed by the laws of the State of Delaware, Roney was not a signatory or party to any of the agreements referenced in the Complaint. (*Id.*) Additionally, this Court notes that the laws of Delaware and New Jersey do not conflict with respect to Plaintiff's causes of action against Roney. Where there is no actual conflict between the substance of the laws of two jurisdictions, the law of the forum state applies, which in this case is the law of New Jersey. *See Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 771 (N.J. 2007); *see also Robeson Indus. Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 165 (3d Cir. 1999) (explaining that a federal court sitting in diversity jurisdiction must apply the forum state's choice-of-law rules).

To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must allege that the defendants: "(1) made a misstatement or an omission of a material fact (2) with scienter (3) in connection with the purchase or the sale of a security (4) upon which the plaintiff reasonably relied and (5) that the plaintiff's reliance was the proximate cause of [its] injury." *In re Ikon Office Sols., Inc.*, 277 F.3d 658, 666 (3d Cir. 2002) (citations omitted). Omissions of material facts "will not give rise to liability under Rule 10b-5 unless the defendant had an affirmative duty to disclose that information." *Oran v. Stafford*, 226 F.3d 275, 285 (3d Cir. 2000); *see also In re Gen. Motors Class E Stock Buyout Secs. Litig.*, 694 F. Supp. 1119, 1129 (D. Del. 1988) ("Absent a specific statutory or regulatory duty, insider trading, a fiduciary duty or rumors attributable to the company, a corporation and its officers have no affirmative duty of disclosure."). Courts have explained that "[s]ilence, absent a duty to disclose, is not misleading under Rule 10b-5." *Oran*, 226 F.3d at 285 (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988)).

Here, the allegation that Roney "made false statements of material fact in connection with the purchase or sale of a security," (Compl. ¶ 56), is wholly speculative and insufficiently pled. Aside from claiming that Defendants approached two members of the Investor Group about financing BlackStratus and that Defendants negotiated agreements to that effect with the Investor Group's agents, (*id.* ¶¶ 15, 17), the Complaint does not state with any particularity what representations Roney made, false or otherwise. *See In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (explaining that allegations of securities fraud must be supported with "the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue" (quoting *In re Burlington*, 114 F.3d at 1422)). It is unclear from the Complaint what Roney said, when he said it, or to whom.

Even construing Count Four to include allegations that Roney omitted material facts to the Investor Group, the Complaint lacks sufficient detail to suggest that he had a duty to disclose BlackStratus' agreements with Connecticut or Hubbard. Though Roney allegedly served as an advisor to BlackStratus, was involved in strategic planning, and "participated in drafting . . . proforma financial statements[,]" (Compl. ¶ 13), he was neither an officer of BlackStratus nor was he a party to any of the Loan Documents, (*see id.* ¶¶ 7, 20, 24, 26). Because the Complaint does not meet the heightened pleading standards set forth under the Rule 9(b) and the PSLRA, Count Four is dismissed as to Roney.

      B. <u>Common Law Fraud (Count Five)</u>

Under New Jersey law, to state a claim for fraud, "a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367-68 (N.J. 1997)); *see also Air Prods. & Chems., Inc. v. Wiesemann*, 237 F. Supp. 3d 192, 214-15 (D. Del. 2017) (citing *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 958 (Del. 2005)). "[C]ourts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'"[6] *Mercedez-Benz Emissions Litig.*, No. 16-881, 2019 WL 413541, at *20-23 (D.N.J. Feb. 1, 2019) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993)).

---

[6] Generally, "special relationships" do not arise between parties to a "business transaction unless [1] a fiduciary relationship exists between them, [2] . . . the transaction itself is fiduciary in nature, or [3] . . . one party 'expressly reposes a trust and confidence in the other.'" *City of Millville v. Rock*, 683 F. Supp. 2d 319, 330 (D.N.J. 2010) (quoting *N.J Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. App. Div. 1998)).

As discussed above, Roney's alleged misrepresentations have not been pled with particularity, and there is nothing to suggest that Roney, as an advisor, equity investor, and creditor to BlackStratus, (Compl. ¶¶ 7, 21), had a special relationship with other investors and creditors that would require him to disclose the liens against the company's assets. *See, e.g.*, *Coba v. Ford Motor Co.*, No. 12-1622, 2016 WL 5743631, at *12-13 (D.N.J. Sept. 30, 2016) (holding that the plaintiff's common law fraud claim failed because the defendant did not owe a duty to disclose). Additionally, the Complaint does not allege that Roney had a duty to inform the Investor Group of other liens in order "to make a previous statement true." *Mercedez-Benz Emissions Litig.*, 2019 WL 413541, at *22 (citations omitted). Thus, Count Five will be dismissed as against Roney.

### C. Negligent Misrepresentation (Count Six)

To successfully assert a claim of negligent misrepresentation, a plaintiff must allege that the defendant "negligently made an incorrect statement of a past or existing fact, that the plaintiff justifiably relied on it and that [its] reliance caused a loss or injury." *Masone v. Levine*, 887 A.2d 1191, 1195 (N.J. Super. Ct. App. Div. 2005) (citations omitted); *see also Air Prods. & Chems., Inc.*, 237 F. Supp. 3d at 216 (explaining that under Delaware law, negligent misrepresentation consists of "largely the same elements as . . . [a] claim for fraud, except [the plaintiff] need not establish scienter; negligence would suffice"). As discussed above, Plaintiff has not pled Roney's alleged misrepresentations with sufficient particularity. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 272 (3d Cir. 2006) (explaining that Rule 9(b)'s heightened pleading requirements apply when the claim for negligent misrepresentation "sounds in fraud"). Therefore, Count Six is also dismissed as against Roney.

**IV.     CONCLUSION**

For the reasons set forth above, the Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED** as against Defendant Roney.  An appropriate Order follows.

s/ *Susan D. Wigenton*_____
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Leda Dunn Wettre, U.S.M.J.
            Parties